UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ABDELELAZZIZ ABOUCHAAOUA,

Plaintiff,

    -against-

JEFFREY SNOW and MATTHEW DAVID SNOW,

Defendants.
-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/07/2020

ORDER

19 Civ. 11423 (NSR)

NELSON S. ROMÁN, United States District Judge

    Plaintiff Abdelelazziz Abouchaaoua ("Plaintiff" or "Abouchaaoua") commenced this action on or about December 13, 2019, seeking monetary damages against Defendants Jeffrey Snow ("J. Snow") and Matthew David Snow ("M. Snow") (collectively the "Defendants") as a result of a rear-end motor vehicle collision. (ECF No. 1.) Defendants filed an answer on February 19, 2020. (ECF No. 5.) By Order dated, March 11, 2020, the Court directed the parties to confer and submit a proposed Case Management Plan and Scheduling Order for the Court's review and approval. (ECF No. 14.) To date, the parties have yet to comply with the Court's directive. Additionally, the Court directed Defendants to respond by April 1, 2020, to Plaintiff's motion seeking a more definite statement to their fourth affirmative defense. (*Id.*) Defendants have likewise failed to reply as directed.

    Presently before the Court is Plaintiff's motion for a more definite statement to Defendants' fourth affirmative defense (the "Motion"). (ECF No. 12.) The Motion is unopposed. For the following reasons, the Motion is DENIED.

    Fed. R. Civ. P. §12(e) provides "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Plaintiff seeks clarification of Defendants' fourth affirmative defense, which provides "should the plaintiff recover, in any amount, against the answering defendants, on any theory of joint liability, said joint

liability of the answering defendants shall be limited in accordance with [NY CPLR] Article 16." NY CPLR § 1601 provides in relevant part:

> "when a verdict or decision in an action or claim for personal injury is determined in favor of a claimant in an action involving two or more tortfeasors jointly liable... and the liability of a defendant is found to be fifty percent or less of the total liability assigned to all persons liable, the liability of such defendant to the claimant for non-economic loss shall not exceed that defendant's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss; provided, however that the culpable conduct of any person not a party to the action shall not be considered in determining any equitable share herein if the claimant proves that with due diligence he or she was unable to obtain jurisdiction over such person in said action (or in a claim against the state, in a court of this state); and further provided that the culpable conduct of any person shall not be considered in determining any equitable share herein to the extent that action against such person is barred because the claimant has not sustained a "grave injury" as defined in section eleven of the workers' compensation law."

Prior to the enactment of NY CPLR Article 16, at common law, a tortfeasor could be held jointly and severally liable to a plaintiff for the full amount of damages awarded to him from any of the culpable named tortfeasor with a sufficiently "deep pocket" despite the fact that the deep-pocket defendant may have only been marginally culpable. *Siler v. 146 Montague Assocs.*, 228 A.D.2d 33, 37–38 (2d Dep't 1997). Pursuant to CPLR Section 1601, a defendant may apportion its liability for noneconomic damages among other tortfeasors provided that it is fifty percent or less at fault. NY CPLR § 1601[1]; *see also Rangolan v. Cnty. of Nassau*, 96 N.Y.2d 42, 45 (2001). Thus, the general rule established by Section 1601(1) is that a defendant whose proportionate share of the fault is fifty percent or less is liable for the plaintiff's non-economic loss only to the extent of its actual proportionate share, meaning the defendant is severally, but not jointly, liable. *Zollinger v. Owens-Brockway Glass Container, Inc.*, 233 F. Supp. 2d 349, 359 (N.D.N.Y. 2002) *citing Rangolan*, 96 N.Y.2d at 46. Based upon a review of Defendants' fourth affirmative defense, wherein they seek to assert the protection afforded to joint tortfeasors under CPLR Article 16, it can not be said that the asserted defense is either vague or ambiguous. Defendants' declarative statement seeks to limit their liability for noneconomic damages as purportedly allowed by statute.

Plaintiff, however, alleges that there was only one driver, Michael D. Snow, and that the statute is inapplicable to the facts of the case, in any event. NY CPLR § 1602(6) provides that the general rule, as outlined Section 1601, does not apply to a defendant who is either: (1) the negligent and culpable operator of the vehicle, or (2) a defendant who is culpable by virtue of being the owner of the offending vehicle. While it may ultimately be the case that Plaintiff is correct—*i.e.*, one, or both, of the Defendants may be unable to avail themselves of the protections of NY CPLR § 1601—at present, no discovery has taken place and no factual determinations have been made. Accordingly, the Motion is DENIED.[1]

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 12. The parties are once again directed to confer and submit to the Court a proposed Case Management Plan and Scheduling Order for the Court's review and approval on or before October 28, 2020.

Dated:  October 7, 2020
     White Plains, New York

SO ORDERED:

_____
Honorable Nelson S. Roman
U.S. District Court Judge, S.D.N.Y.

---

[1] Plaintiff moved for a more definite statement, but stated that he may move to strike the defense if the Motion is not granted. This Court will not evaluate the availability of such relief at this time because Plaintiff did not move to strike Defendants' fourth affirmative defense.